IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW BEMPAH,<br><br>   PLAINTIFF,<br> v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>   DEFENDANT. | Case No. 22-cv-748<br><br>Hon. Rebecca R. Pallmeyer |

## JOINT REPORT ON ATTORNEY'S FEES PURSUANT TO LOCAL RULE 54.3

Plaintiff, Andrew Bempah ("Bempah"), and Midland Credit Management, Inc. ("MCM") hereby jointly submit the following statement as to the parties' ongoing fee dispute, pursuant to Local Rule 54.3(e), and state as follows:

  **(1)**  the total amount of fees and related nontaxable expenses claimed by the moving party:

| Attorney | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|
| Bryan Thompson | $440 | 11.7 (12.9 expended, reduced by 1.2 hours) | $5,148 |
| Robert Harrer | $440 | .6 (1.2 expended, reduced by .6) | $264 |
| **Total Fees** | | | $5,412 |
| **Total Costs** | | | $467.00 |
| **Grand Total Fees & Costs** | | | $5,879 |

1

**(2)** the total amount of fees and/or related nontaxable expenses that the respondent deems should be awarded:

| Attorney | Hourly Rate | Hours Billed | Total Billed |
|---|---|---|---|
| Bryan Thompson | $310 | 5 | $1,550 |
| Robert Harrer | $310 | .1 | $31.00 |
| **Total Fees** | | | |
| **Total Costs** | | | 467.00 |
| **Grand Total Fees & Costs** | | | $2,048 |

**(3)** a brief description of each specific dispute remaining between the parties as to the fees or expenses:

**Plaintiff's Position:**

Plaintiff states that his counsels' current rates are reasonable and appropriate in this case. Plaintiff's counsel are experienced in FDCPA and other consumer protection actions.

Plaintiff also states that the hours spent litigating this case to a successful conclusion were both necessary and efficient. Plaintiff achieved an excellent result in this case since he was awarded $1,001 plus attorney's fees and costs, when the statutory maximum of the FDCPA is $1,000. Additionally, the time spent litigating fees is also clearly compensable, see, S*pray-Rite Service Corp. v. Monsanto Company*, 684 F.2d 1226, 1259 (7th Cir. 1982); *Balark v. Curtin*, 655 F.2d 798, 802-803 (7th Cir. 1981); *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980).

Finally, Plaintiff has exercised billing discretion by removing 1.8 hours of counsel's time, for a total reduction of $792 in attorneys' fees prior to the fee petition. This was removed, even though this time was expended, in order to reduce certain entries that Defendant claims was for "administrative tasks" or claimed to be excessive. This reduced the time spent on the drafting

2

and filing of an appearance by 50% (.2 to .1), drafting of summons and filing of return of service by 25% (.8 to .6), reducing time to review judgment by 33% (.3 to .2), reducing the time spent on the LR 54.3 packet by 33% (.6 to .4). Additionally, counsel reduced the time spent on inter-office communication by 50% (2.4 to 1.2).

**Defendant's Position:**

Defendant states that Plaintiff's counsel's rates are not reasonable or appropriate for this type of non-complex, individual FDCPA matter. The $440/hr rate that counsel seeks is significantly higher than, on information and belief, he has ever been awarded by any court for this type of work. In *Paz v. Portfolio Recovery Associates, LLC*, No. 15 CV 5073, 2018 WL 4520221 (N.D. Ill. May 17, 2018), the Court awarded Mr. Thompson a rate of $300/hr for work that was similar to what he has done in this matter: work associated with a simple statutory violation FDCPA lawsuit where counsel had also filed other duplicative lawsuits on behalf of multiple other plaintiffs. The Court's logic in that matter remains relevant here; thus, a rate of no more than $310 is reasonable and appropriate.

The complaint in this matter is nearly identical to several other lawsuits pending in this Court filed by Plaintiff's counsel against Midland or its affiliates including, but not limited to: *Hampton* (1:22 CV 00246); *Rodas* (1:22 CV 01121); *Rico* (1:22 CV 00631); *Hensley* (1:22 CV 00743), *Mendoza* (1:22 CV 00310), and *Gage* (1:22 CV 02815). Thus, the time spent drafting and filing the complaints, as stated, is duplicative and should be reduced. Administrative tasks, of which there are many (e.g., 2/11/2022 "receive sealed summons, send documents to process server") should not be included in the fees allowed by the Court.

Further, the Rule 68 offer of judgment was served on March 28, 2022 and offered payment of "attorney's fees, litigation expenses, and costs of suit *incurred* by Plaintiff Bempah." This language, the past tense "incurred," refers to fees and costs incurred as of the date of the offer. However, Plaintiff's counsel now seeks post-offer fees in an amount equivalent to or higher than what was incurred pre-offer. It is Defendant's position that Plaintiff's counsel should not be awarded any fees for this post-offer time.

**(4)** a statement disclosing—

**(A)** whether the motion for fees and expenses will be based on a judgment or on a settlement of the underlying merits dispute:

On April 12, 2022, this Court entered judgment against Defendant Midland Credit Management, Inc. in the amount of $1,001, plus attorney's fees and costs, based upon Plaintiff's acceptance of a Fed.R.Civ.P. Rule 68 offer of judgment. (Dkt. # 13).  and

**(B)** if the motion will be based on a judgment, whether respondent has appealed or intends to appeal that judgment.

The Judgement was entered based on Defendant's Offer of Judgment for $1,001, plus attorney's fees and costs. Defendant has not appealed, nor does it intend to appeal the $1,0001 judgment resulting from Plaintiff's acceptance of the offer of judgment.

*Counsel for Plaintiff*

/s/ *Bryan Paul Thompson*
Bryan Paul Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

*Counsel for Defendant*

/s/Nicholas D. O'Conner
Nicholas D. O'Conner
noconner@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312.443.0700

4